Victor WALLACE, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–579A143.

Court of Appeals of Indiana,
First District.

Sept. 27, 1979.

Rehearing Denied Oct. 29, 1979.
Transfer Denied Dec. 20, 1979.

John G. Bunner, Evansville, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

LOWDERMILK, Presiding Judge.

## STATEMENT OF THE CASE

Defendant-appellant Victor Wallace (Wallace) brings this appeal after a jury found him guilty of voluntary manslaughter.[1]

We affirm.

## FACTS

On June 29, 1978, Wallace was babysitting for Devona Stinson, the two-year-old daughter of his girlfriend, Deborah Stinson. Deborah returned home between midnight and 1:00 a. m.; Wallace was watching television in the living room, and Devona was in bed in the bedroom. When Deborah checked on her daughter a few minutes before 5:00 a. m., she discovered that Devona was dead.

Dr. Albert Venables testified that, in his opinion, Devona died as a result of bruises to the brain.

Although Wallace was charged with the murder of Devona Stinson, the jury found him guilty of voluntary manslaughter. The Vanderburgh Circuit Court imposed a sentence of ten years.

## ISSUES

1. Did the trial court err in instructing the jury on voluntary manslaughter?

2. Is there sufficient evidence to sustain the conviction for voluntary manslaughter when the evidence does not prove that Wallace acted under sudden heat?

## DISCUSSION AND DECISION

*Issue One*

■ Wallace acknowledges that he made no objection to the reading of the instruction which he now challenges on appeal.

1. IC 1971, 35–42–1–3 (Burns Code Ed., Repl. 1979).

We are constrained to hold that any error has been waived by his failure to object. Ind. Rules of Procedure, Criminal Rule 8(B); *Davis v. State*, (1976) 265 Ind. 476, 355 N.E.2d 836; *Eckman v. State*, (1979) Ind.App., 386 N.E.2d 956.

*Issue Two*

Wallace maintains that his conviction for voluntary manslaughter is not sustained by the evidence because the evidence does not prove that he acted under sudden heat. He asks this court to determine whether voluntary manslaughter is a lesser included offense for a charge of murder.

Wallace acknowledges the existence of decisions which would control the resolution of this issue if Wallace had been tried for murder and convicted of voluntary manslaughter as a result of a deed done prior to the effective date of our new penal code. In *McDonald v. State*, (1975) 264 Ind. 477, 483, 346 N.E.2d 569, 574, our Supreme Court adopted Judge Lybrook's statement that

"'. . . Indiana has long held to the principle that either voluntary or involuntary manslaughter is treated as a lesser included offense of murder. *Gatchett v. State*, (1973) [261] Ind. [109], 300 N.E.2d 665; *Landers v. State*, (1975) Ind.App., 331 N.E.2d 770; *Hopkins v. State*, (1975) Ind.App., 323 N.E.2d 232. Thus, if sufficient evidence is presented to the jury by which it could find murder in the first or second degree, the jury may also return a verdict of guilty of voluntary manslaughter, notwithstanding the absence of proof of "sudden heat". *Landers v. State, supra; Hopkins v. State, supra.*'

\* \* \*"

Wallace insists, however, that our current statute defining voluntary manslaughter is sufficiently different from the former statute to make reliance on cases such as *Mc-Donald, supra*, inappropriate.

The former statute appears at IC 1971, 35–13–4–2 (Burns Code Ed.):

"Whoever voluntarily kills any human being without malice, expressed or implied, in a sudden heat, is guilty of voluntary manslaughter, and, on conviction, shall be imprisoned in the state prison for not less than two [2] nor more than twenty-one [21] years.

\* \* \*"

Judge Garrard had occasion to examine this statute in detail in *Holloway v. State*, (1976) Ind.App., 352 N.E.2d 523, 526. He noted that in *Hasenfuss v. State*, (1901) 156 Ind. 246, 59 N.E. 463,

". . . the defendant was charged with first degree murder by means of administering poison. He was convicted by a jury of voluntary manslaughter. On appeal, defendant argued that voluntary manslaughter could not be a lesser included offense of first degree murder because of the additional element of sudden heat required for manslaughter. He claimed that the jury was therefore without power to convict of the 'lower' offense. The Supreme Court disagreed. While the statutory definition of voluntary manslaughter included the element of 'sudden heat,' the Court observed, quoting from Judge Gillett:

'[" sic] Voluntary manslaughter possesses the common element of murder in both its degrees,—the intention to kill,—but it is distinguished from these crimes by an absence of malice, and, of course, premeditation. *The statute might be thus paraphrased without doing violence to its meaning. Voluntary manslaughter is an unlawful, intentional killing of a human being, without malice and without premeditation.* Although the statute adds 'upon a sudden heat,' it is only in the application of the definition to a given case that this element must be made use of, for there could be no such thing as an unlawful intentional killing without malice, unless it was done upon a sudden heat. This mitigating fact reduces the crime to manslaughter, if upon the whole evidence it appears sufficient to rebut the presumption of malice arising from a voluntary killing." It has been repeatedly held by this court for a period of nearly 50 years, that, upon an indictment for murder in either the first or second degree, the defendant may be

convicted of manslaughter. [citations omitted] In *Moon v. State*, 3 Ind. 438, the court said: "An indictment for murder in the first degree is really an indictment for one of three distinct crimes, namely murder in the first degree, murder in the second degree, and manslaughter." ' (Emphasis added) 156 Ind. 246, 249–50, 59 N.E. 463, 465." (First insertion ours)

Wallace was charged with murder. According to IC 1971, 35–42–1–1 (Burns Code Ed., Repl. 1979),

"A person who:
(1) Knowingly or intentionally kills another human being; . . .
(2) . . . commits murder, a felony.
. . ."

IC 1971, 35–42–1–3(a) (Burns Code Ed., Repl. 1979) provides:

"(a) A person who knowingly or intentionally kills another human being while acting under sudden heat commits voluntary manslaughter, a class B felony."

Wallace insists that the legislature has made sudden heat an element of voluntary manslaughter in the current statute. We must disagree.

In (b) of IC 35–42–1–3 the legislature specifically explained:

"(b) The existence of sudden heat is a *mitigating factor* that reduces what otherwise would be murder under section 1(1) [35–42–1–1(1)] of this chapter to voluntary manslaughter. . . ." (Our emphasis)

This provision echoes the explanation set forth in *Hasenfuss, supra*, and in *Holloway, supra*, and indicates an intention to avoid departure rather than to cause departure from the reasoning expressed in the opinions written with reference to the former voluntary manslaughter statute.

IC 1971, 35–41–1–2 (Burns Code Ed., Repl. 1979) provides:

" 'Included offense' means an offense that:
(i) [sic] Is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged;

* * *"

■ We now hold that both murder and voluntary manslaughter can be proved by evidence of the knowing or intentional killing of another human being. Because the two offenses can be established by the same material elements, voluntary manslaughter is a lesser included offense of murder.

■ The State introduced evidence proving that Devona Stinson, while in the care of Wallace, suffered blows to her head which caused bruises on the temples, bleeding into the space between the brain and the skull, and bruises to the brain. According to Dr. Venables, the child died from damage to the brain; in his opinion, these injuries would not have resulted from an accidental fall but instead were inflicted by the use of some implement.

The evidence was sufficient for the jury to have returned a verdict of guilty to the charge of murder; the jury, therefore, could also return a verdict of guilty of voluntary manslaughter, notwithstanding the lack of proof of sudden heat.

Judgment affirmed.

LYBROOK and ROBERTSON, JJ., concur.