Michael D. PALMER, Appellant,

v.

STATE of Indiana, Appellee.

No. 980S364.

Supreme Court of Indiana.

Sept. 17, 1981.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of murder, a felony (Ind.Code § 35–42–1–1), for which the appellant was sentenced to thirty years' imprisonment. Appellant raises two issues for review:

1. Whether the verdict was contrary to the evidence and contrary to law, and therefore denied appellant the lawful presumption of innocence.

2. Whether the appellant was denied his lawful presumption of innocence because the State failed to prove all the essential elements of the crime charged, and whether the evidence supported at most the lesser included offense of voluntary manslaughter.

The evidence viewed in the light most favorable to the verdict shows that on June 19, 1978, Michael Palmer argued with Charles Williams and pulled out a gun when Williams appeared to reach toward his pocket. Williams then turned and ran and Palmer chased him, gun drawn. Williams fell down and lay on his back, begging Palmer not to kill him. Palmer stood over Williams and shot him, first in the head and then in the pelvic area. Williams died as the result of the gunshot wounds.

### 1.

Palmer urges on appeal that the verdict was contrary to the law and the evidence, and that the jury convicted him only because it wrongly failed to recognize his defense of self-defense. This failure denied him his lawful presumption of innocence, he contends.

Palmer reviews the evidence supporting the defense of self-defense, as it emerged during presentation of the State's case. The defense presented no evidence except for a toxicology report done in the course of the autopsy on Williams. He argues that sufficient evidence was presented to substantiate the defense and that the only logical conclusion for the jury was that he was acting in self-defense.

The jury's "failure to recognize" the defense of self-defense is not equivalent to a denial of the lawful presumption of innocence. The jury was given a preliminary instruction on this presumption.

### INSTRUCTION NO. 3

Under the law of this State you are the sole judges of both the law and the evidence and you must presume that the Defendant is innocent. You must continue to believe he is innocent throughout the trial, unless the State proves that the Defendant is guilty, beyond a reasonable doubt, of every essential element of the offense charged. The burden of proof herein is on the State alone and never shifts to the Defendant.

Since the Defendant is presumed to be innocent, he is not required to present any evidence to prove his innocence, nor to prove, do, or explain anything. If at the conclusion of the trial, there remains in your mind a reasonable doubt concerning the Defendant's guilt, you must find him not guilty.

Nothing is presented on appeal to suggest that the instruction was erroneous or inadequate. The claimed failure to recognize a defense is nothing more than a complaint that the jury did not render a verdict favorable to the defendant.

██ There was evidence indicating that Palmer acted in self-defense. Indiana Code § 35–41–3–2, provides:

(a) A person is justified in using reasonable force against another person to protect himself or a third person from what he reasonably believes to be the imminent use of unlawful force. However, a person is justified in using deadly force only if he reasonably believes that that force is necessary to prevent serious bodily injury to himself or a third person or the commission of a forcible felony.

Some State's witnesses testified that Williams had been a violent man and was known to have carried a gun. There was testimony that just before the killing the

two men had argued and that Williams moved his hand toward his pocket. The State introduced into evidence Palmer's voluntary statement to the police in which he stated that he had heard that Williams had earlier threatened to kill him.

This evidence was sufficient to put the issue of self-defense into the case. Its presence in the case placed a burden upon the prosecution to negate the defense beyond a reasonable doubt. See, e. g., *Johnson v. State* (1980) Ind., 401 N.E.2d 674. The presence of this issue also called for an instruction on the defense, and the following one was given:

A person is entitled to defend himself without criminal responsibility for his act under circumstances where it reasonably appears to him that he is in danger of attack or bodily harm.

It is not necessary that a person be violently assaulted, or assaulted at all, before he has the right to defend himself. A person has a right to act on appearance, and if he believes in good faith, and upon reasonable grounds, from the facts and circumstances as they appear to him at the time, that he is about to be assaulted, he has a right, if it seems reasonably necessary to him at the time, to use such force as will protect him from the assault.

In the exercise of self-defense the party assaulted must, so far as his assailant is concerned, be in a place where he has a right to be, and act immediately, without fault, and without time to deliberate and investigate the circumstances.

But the presence of the issue does not mean that the jury was bound to believe the evidence favoring the defendant. Nor does it mean that the jury could only have considered the evidence favoring the defense. The jury was bound to consider all of the evidence, including evidence, if any, that negated the defense. And to the extent that the evidence relating to the defense was contradictory, it was manifestly the jury's job to resolve the conflicts in the evidence.

■ Turning to the claim that the State failed to present sufficient evidence negat-ing the defense of self-defense beyond a reasonable doubt, we review this as we do all sufficiency claims. We do not weigh the evidence or resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State*, (1970) 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657.

■ There was testimony that Williams turned and ran when Palmer drew out his gun. There was testimony that after Williams fell and lay on his back, he begged Palmer, who stood over him, not to kill him. From this evidence the jury could have concluded beyond a reasonable doubt that Palmer could not reasonably, at the point when he fired the gun, have believed that he was in danger of attack or bodily harm.

There was sufficient evidence from which the jury could have found beyond a reasonable doubt that Palmer was not acting in self-defense when he shot Williams.

### 2.

■ Appellant contends that he was denied his lawful presumption of innocence because the State failed to prove all the essential elements of the crime charged and that State's case at most called for a conviction of voluntary manslaughter. For the reasons discussed above, the appellant was not denied the lawful presumption of innocence. Appellant correctly points out that the State is required to sustain its burden of proof on every element of the crime charged. He then argues that in order to sustain a conviction of first-degree murder, it must be shown that the accused acted purposely and with malice. Indiana repealed the statutory crime of first-degree murder in 1976, effective October, 1977.

Palmer was charged and convicted under the current statutory scheme in which there is one crime of murder, defined as follows:

"A person who:

(1) Knowingly or intentionally kills another human being; or

(2) Kills another human being while committing or attempting to commit arson, burglary, child molesting, criminal deviate conduct, kidnapping, rape, or robbery; commits murder, a felony." Ind. Code § 35–42–1–1.

Malice is not an element of the crime of murder. Therefore, this argument is not germane. A related claim, however, involves the assertions that "sudden heat" is an element of voluntary manslaughter and that absence of sudden heat is an implied additional element of the crime of murder. Appellant argues that the State failed to prove the absence of sudden heat and therefore failed to meet its burden of proving beyond a reasonable doubt each element of the crime charged.

■ Sudden heat is not an element of voluntary manslaughter, but rather a mitigating factor in conduct that would otherwise be murder. *Russell v. State* (1981) Ind., 419 N.E.2d 973; *Anthony v. State* (1980) Ind., 409 N.E.2d 632. The elements of murder and voluntary manslaughter are identical: knowing and intentional killing of another human being. There is no implied element of the absence of sudden heat in the crime of murder.

■ The voluntary manslaughter statute creates an affirmative defense of sudden heat akin to self-defense. The latter is, if successful, a complete defense while the defense of sudden heat is only a partial defense because it reduces the seriousness of the crime from the murder felony to a class B felony. It is akin to self-defense in that its introduction into the case (either through the State's own evidence or through the defendant's evidence or both) places a burden upon the State to negate the defense beyond a reasonable doubt and calls for an instruction on the lesser included offense of voluntary manslaughter.

When the State has the burden to prove beyond a reasonable doubt the absence of the elements of self-defense, we have said that this burden can be met not only by rebuttal evidence when the defendant has presented evidence of the defense, but also by affirmatively showing within its case-in-chief that the defendant was not acting in self-defense. *Harris v. State*, (1978) 269 Ind. 672, 382 N.E.2d 913.

Similarly, when the State has the burden of negating beyond a reasonable doubt the existence of sudden heat, it may do so by rebuttal of the defendant's evidence, if any, or by affirmatively showing within its case-in-chief that the defendant was not acting in sudden heat when the knowing and intentional killing took place.

There was evidence in the State's case-in-chief which introduced the issue of sudden heat into the case. Some witnesses testified that Palmer became angry when Williams demanded that Palmer's sister-in-law accompany Williams to a liquor store although she said that she did not want to go with him. There was also testimony that Williams taunted and threatened Palmer and that Palmer was angry and acting as if he was in a trance.

■ The trial court gave the following instruction to the jury on the lesser included offense of voluntary manslaughter:

### VOLUNTARY MANSLAUGHTER

A person who knowingly or intentionally kills another human being while acting under sudden heat commits voluntary manslaughter, a Class B felony.

The essential elements of this crime are:

1. The voluntary killing of a human being;

2. without malice, and

3. in a sudden heat.

Sudden heat as used herein means an access or rage or anger suddenly arising from a contemporary provocation occurring at the time of the killing.

We note in passing that the absence of malice is not an element of voluntary manslaughter.

Just as with the self-defense claim, the presence of the sudden heat claim does not mean that the jury was bound to believe

the evidence favoring the defendant, nor does it mean that the jury could only consider the evidence supporting the presence of sudden heat in Palmer's conduct. The jury was bound to consider all of the evidence including any that negated the defense, and to resolve conflicting evidence.

 There was evidence from which the jury could have concluded beyond a reasonable doubt that Palmer was not in the grip of sudden heat when he shot Williams. There was evidence that supported a conclusion that the provocation—mere words—was not contemporaneous with the shooting since time elapsed during the chase and during the time Palmer stood over Williams while a crowd gathered and people pleaded with him not to shoot, for the passion to cool. Alternatively, there was evidence from which the jurors could have concluded that the provocation was not sufficient to justify Palmer's response. See, e. g., *Shackelford v. State*, (1976) 264 Ind. 698, 349 N.E.2d 150.

The conviction is affirmed.

We note that the appellant has filed pro se a "Submission of Differences Arising from the Record," which consists of a claim that in four places in the appellant's brief the facts regarding testimony were incorrect. We have reviewed these four allegations and find that the record supports the facts as set forth in the brief.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.