**James Arnold ESTES, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1282S479.**

Supreme Court of Indiana.

July 22, 1983.

Hugh G. Baker, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Richard E. Hagenmaier, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted in a bench trial of attempted murder, a Class A felony, and carrying a handgun without a license, a Class A misdemeanor. He was sentenced to thirty (30) years and one (1) year for the respective offenses. The sentences were ordered to be served concurrently.

Appellant claims the evidence is insufficient to sustain the conviction for attempted murder. At trial, appellant presented evidence of "sudden heat." He contends the State failed to rebut the mitigating factor of sudden heat resulting in an evidential insufficiency to sustain a conviction for attempted murder.

Sudden heat is a mitigating factor in conduct that would otherwise be murder. *Palmer v. State,* (1981) Ind., 425 N.E.2d 640. It is not an element of voluntary manslaughter. *Palmer, supra.* When the presence of sudden heat is introduced into the case, the State carries the burden of negating the presence of sudden heat beyond a reasonable doubt. *Palmer, supra.* The State may meet the burden by rebutting the defendant's evidence or by affirmatively showing in its case-in-chief the defendant was not acting in sudden heat when the killing occurred. *Palmer, supra.* Whether or not defendant acted under sudden heat is a question for the jury to resolve. *Dunn v. State,* (1982) Ind., 439 N.E.2d 165.

The evidence reveals appellant arrived at a party where four hundred (400) to six

hundred (600) people were in attendance. He engaged in a disagreement with the doorman about the price and number of admission tickets he purchased and the change he received. After entering the residence, he complained about the drink he purchased. To placate him and avoid trouble, the "host" of the party poured appellant a fresh drink. Appellant asked a young woman to dance. When she refused appellant became argumentative. Brewer, the victim, interceded on her behalf. One witness testified Brewer stated to appellant, "you ain't got to act like that, we're here to have a good time." Another witness testified Brewer stated, "You don't have to do that, man." Stating "do you know who I am?", appellant struck Brewer. Brewer returned the blow. As a third person grabbed Brewer and asked him what was occurring, appellant stated, "I'll kill you, M***** F*****." Appellant drew a gun, dropped it and picked it up again. Appellant fired the gun saying he would kill everyone there including the victim. The bullet hit Brewer in the left side. Brewer ran through another room on the second floor, jumped over a bannister to the first floor and exited the residence. Appellant pursued Brewer throughout the residence, firing at the victim and randomly into the crowd. Two witnesses testified appellant stated he wanted to find the victim to finish killing him. Appellant left the scene at the host's request. Two men, apparently appellant's companions, drew guns, "covered" him and left with him. Brewer was hospitalized for three to four weeks due to the injuries he sustained. Another person was grazed in the head by a bullet.

■ The State sufficiently negated the factor of sudden heat by presenting the above recited facts in its case-in-chief. We believe this evidence allowed the jury to reasonably find appellant guilty of attempted murder.

■ Appellant claims the presumptive sentence of thirty (30) years is manifestly unreasonable. He requests we review his sentence under the Indiana Rules for the Appellate Review of Sentences, Rule 2.

Under the standard of review of sentences, we "will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender." Rule 2(1). Manifestly unreasonable is defined by Rule 2(2) as being one that no reasonable person could find appropriate to the particular offense and offender.

The trial court sentenced appellant to the presumptive thirty (30) year term. The court specifically found neither aggravating or mitigating circumstances. Appellant contends the trial court should have considered mitigating factors. We have held consideration of mitigating circumstances is not mandatory but lies within the trial court's discretion. *Caccavallo v. State*, (1982) Ind., 436 N.E.2d 775.

Given the factual recitation above, we will not disturb the sentence.

■ Appellant claims the trial court erred in allowing the victim's mother to testify at the sentencing hearing. While appellant concedes the victim's testimony at the hearing or his recommendation in the presentence report would be appropriate, appellant urges there is no provision for the consideration of the testimony of the victim's family. The victim's mother testified her son was handicapped as a result of the shooting. The victim had testified in greater detail during trial to his continued infirmities. No objection was entered to the victim's or his mother's testimony by appellant. Failure to do so constitutes waiver of the issue for appellate review. *Greer v. State*, (1982) Ind., 436 N.E.2d 293.

The trial court is in all things affirmed.

All Justices concur.