**Lawrence L. WALKER, Appellant,**

**v.**

**STATE of Indiana, Appellee.**

No. 785 S 279.

Supreme Court of Indiana.

Sept. 15, 1986.

William F. Thoms, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Lawrence L. Walker was convicted at the conclusion of a jury

trial in the Marion County Superior Court of robbery, a class A felony. He was sentenced to thirty (30) years. On direct appeal he raises the following issues:

1. overruling of Appellant's motion for a mistrial;

2. error in giving final Instruction No 3; and

3. sufficiency of the evidence.

The victim is a seventy-three (73) year old retiree. He testified that on May 4, 1984, he had been drinking, but did not feel drunk. After the victim loaned Appellant $3.00 that evening, the victim asked Appellant for a ride to the store, and Appellant acceded. Subsequently, the victim was found, severely beaten. The victim told the police Appellant beat him with a tire iron, robbed him of two-hundred dollars ($200.00) and his new shoes, and threw him out of the car. The victim was hospitalized for a week and suffered eye and ear injuries.

## I

◼ Appellant claims a mistrial should have been granted because State's Witness Detective Combs commented on the condition of photographs shown by him to the victim, which comment suggested to the jury that the photographs were "mug shots", allowing the jury to infer Appellant had a past criminal record. Combs was asked to identify State's Exhibits 1 through 6, which were photographs of Appellant used by the victim and another witness to identify the Appellant as the perpetrator of this crime. When asked to identify the photographs, Combs answered, "I haven't seen them in this condition. This is the first time I have seen them in this condition where they are cut like this." His response to the Deputy Prosecutor's question of, "Can you identify them?", was: "Some of these, some of them have my writing on the back of them I thought. These are the same set of photographs. Well, this one is because it's got my writing on the back of it. They have been cut. Some of these had my writing on the back of them."

Appellant claims any juror of average intelligence, when viewing these exhibits after hearing this witness, would know they were "mug shots", thereby prejudicing Appellant by implying to the jury that he had a criminal record. There is no testimony whatever in reference to these exhibits, by this witness or any other, that these were, in fact, "mug shots." Appellant does not claim, nor is it shown, that the appearance of the exhibits was such that one could reasonably infer they were mug shots. He refers only to the statement of Officer Combs that they had been cut.

Whether or not a mistrial should be granted is largely within the discretion of the trial court and will merit reversal only upon a showing of abuse of discretion. *Ramos v. State* (1982), Ind., 433 N.E.2d 757, 759, *reh. denied* (1982); *Chambers v. State* (1981), Ind., 422 N.E.2d 1198, 1204, *reh. denied* (1981). Declaration of a mistrial is an extreme action and is warranted only when no other action can be expected to remedy the situation. *Gambill v. State* (1982), Ind., 436 N.E.2d 301, 304. When the jury is admonished by the trial judge to disregard what has occurred, or if other reasonable curative measures are taken, ordinarily the court's refusal to grant a mistrial is not reversible error. *Tinnin v. State* (1981), 275 Ind. 203, 206, 416 N.E.2d 116, 118.

Here, Appellant did not wish the trial court to admonish the jury and, in fact, requested that he not do so, as he felt that such could draw more attention to the photographs. There is no showing here that Appellant was placed in such a position of grave peril that the judge's discretion to deny the mistrial was improper.

## II

Preliminary Instruction 2 informed the jury of the charges against Appellant. The instruction contained the information charging Appellant with robbery while armed with a deadly weapon, and alleging the robbery resulted in bodily injury to Dallas P. Webb. Preliminary Instruction 3

defined the offense charged, including the elements contained therein as follows:

"A person who knowingly or intentionally takes property from another person or from the presence of another person by using or threatening the use of force on any person; or 2) by putting any person in fear; commits robbery, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon, and a class A felony if it results in either bodily injury or serious bodily injury to any person other than a defendant.'"

In succeeding instructions, the trial court then defined terms used in Instructions 2 and 3. Instruction 11 defined "knowingly"; Instruction 12 defined "deadly weapon"; Instruction 13 defined "serious bodily injury"; and Instruction 14 defined "bodily injury."

Appellant now claims he was prejudiced by the court instructing the jury on serious bodily injury since this was not an element of the crime with which he was charged.

■■ Appellant is correct that serious bodily injury was not an element of the charged crime, nor was it necessary for the jury to find it in order to find Appellant guilty of a class A felony. There was no allegation or any evidence that Appellant injured anyone other than the victim. The allegation was that he robbed the victim by use of a deadly weapon and that he committed a bodily injury upon the victim. The evidence clearly sustained these charges. The trial court read to the jury the entire statute defining robbery and defined all of the terms used in it. It is not reversible error for the trial court to have instructed on serious bodily injury unless defendant can show he was prejudiced thereby. Jury instructions lie largely within the trial court's discretion. *Coonan v. State* (1978), 269 Ind. 578, 583, 382 N.E.2d 157, 162, *cert. denied* (1979) 440 U.S. 984, 99 S.Ct. 1798, 60 L.Ed.2d 246; *Buttram v. State* (1978) 269 Ind. 598, 602, 382 N.E.2d 166, 169. Instructions are to be construed as a whole. Error in a particular instruction will not properly justify reversal unless the error is of such a nature that the whole charge of which it forms a part misleads the jury as to the law of the case. *Grossenbacher v. State* (1984), Ind., 468 N.E.2d 1056, 1059. Any error in the giving or refusing of an instruction is harmless when a conviction is clearly sustained by the evidence and the jury could not properly have found otherwise. *Id.*

The jury was clearly and adequately instructed here on the elements of the charges against Appellant, and sufficient probative evidence supported these charges. No reversible error is presented on this issue.

### III

■ Finally, Appellant contends there was insufficient evidence to support his conviction. His argument seeks to have us reweigh the evidence at trial, and judge the credibility of the victim. This we will not do. Where sufficiency of the evidence is challenged, we will neither weigh the evidence, nor judge the credibility of the witnesses; rather we will look to the evidence most favorable to the State, together with all reasonable inferences therefrom. If there is a substantial body of probative evidence from which the jury could infer guilt beyond a reasonable doubt, the verdict will not be reversed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937.

The evidence set forth above clearly supports Appellant's conviction, and was corroborated by other testimony. Appellant keys on testimony that the victim was intoxicated, and that he changed his story. All this was before the jury, however, and it is their function to sift and weigh all evidence, and determine which to believe. *Estep v. State* (1985), Ind., 468 N.E.2d 492, 494. The facts in the present case are nearly identical to those raised in *Martin v. State* (1983), Ind., 453 N.E.2d 1001, 1003, where we held the evidence sufficient to uphold the conviction.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.