**Larry THOMAS, Appellant
(Defendant below),**

v.

**STATE of Indiana, Appellee
(Plaintiff below).**

No. 685S225.

Supreme Court of Indiana.

July 1, 1987.

Diane McNeal, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Larry Dwayne Thomas was found guilty by jury of Kidnapping and Unlawful Deviate Conduct. On February 21, 1985, the trial court sentenced him to thirty (30) years on each count, the sentences to be served concurrently. Thomas directly appeals, challenging solely the sufficiency of the evidence to support his convictions.

The facts show on December 9, 1983, at approximately 12:30 a.m., P.E. left the Le Chic Lounge in Gary after attending a banquet. P.E. drove a girlfriend home and then stopped at a restaurant. As P.E. went from the restaurant to her car, she was stopped by Thomas. He forced P.E., at gunpoint, to enter her car. Thomas drove P.E. to an abandoned apartment complex in Gary. Once inside one of the abandoned apartments, Thomas forced P.E. at gunpoint to kiss him and to engage in oral sex. While Thomas had both hands on her, P.E. searched him to discover the gun which had been placed in his right coat pocket. She was able to obtain the weapon and immediately fired repeatedly on Thomas, resulting in bodily injury to Thomas. Thomas jumped out of a window and ran away. P.E. also jumped out a window and drove to a friend's house where she contacted the police. She gave a statement to police and was transported to a hospital for medical assistance.

Thomas alleges the jury's verdicts were not supported by sufficient evidence. Where sufficiency of the evidence is challenged on review, this Court will neither reweigh the evidence nor judge the credibility of the witnesses. Rather, we will consider only that evidence most favorable to support the conviction and all reasonable inferences to be drawn therefrom. When substantial evidence of probative value exists, the finding of the trier of fact will not be disturbed. *Walker v. State* (1986), Ind., 497 N.E.2d 543, 545.

Specifically, Thomas alleges the State failed to prove each element of the crimes charged beyond a reasonable doubt. He asserts the court failed to acknowledge the fact, presented by himself and his two witnesses, that he and P.E. were acquainted before December 9, 1983. Thomas alleges he and P.E. were parked in P.E.'s car, hugging and kissing, when P.E. asked him to repay a sum of money. He refused and left the car to urinate on the sidewalk. P.E. then picked up his gun, which he had left on the car's dashboard, and fired several shots at him. He maintains his version of the facts coupled with P.E.'s lack of corroborating testimony render the evidence insufficient to support his convictions. However, the evidence was before the jury. It is their function to sift and weigh all evidence, and determine what to believe. *Walker*, 497 N.E.2d at 545. The jury has the sole authority to weigh any conflicting evidence. *Toledano v. State* (1986), Ind., 498 N.E.2d 979, 980. It is within the jury's province to believe whomever they choose to believe, and on appeal we do not second guess their decision concerning the credibility of the witnesses. *Watkins v. State* (1986), Ind., 493 N.E.2d 446, 447.

Additionally, Thomas complains his position was jeopardized by the police department's failure to investigate the crime scene. He maintains the investigation would have produced evidence which would substantiate his version of the incident. Thomas merely asserts other evidence ex-

isted and does not provide a description of what that evidence might have been. This is speculation that presents no reviewable issue nor demonstrates insufficiency.

The evidence set forth above viewed in a light most favorable to the State clearly supports Thomas' convictions. Facts were presented to the jury from which it could reasonably find or infer that Thomas did, in fact, commit the crimes of Kidnapping and Criminal Deviate Conduct.

The trial court is affirmed.

SHEPARD, C.J., DeBRULER, GIVAN and DICKSON, JJ., concur.