Allen G. HARRINGTON, Appellant,

v.

STATE of Indiana, Appellee.

No. 64S00–8606–CR–550.

Supreme Court of Indiana.

Dec. 17, 1987.

Rehearing Denied Feb. 23, 1988.

Mark Warren Coleman, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal following a trial by jury. Appellant was found guilty of murder and sentenced to sixty years imprisonment.

These are the facts germane to this appeal: Appellant and Suzanne Bouche were involved in a tumultuous relationship. Bouche frequently became involved with other men and periodically terminated her relationship with appellant. Later, she would promise fidelity and assure appellant that she loved only him and they would resume their relationship.

On March 2, 1985, Bouche once again promised appellant she would be faithful and told him she wanted to marry him. Three days later she met Christopher Kupec in a bar and went with him to a bowling alley where they encountered appellant. Bouche asked appellant to leave because she was with her friends and he complied. Subsequently Bouche and Kupec went to Bouche's apartment.

Later that evening, after drinking heavily, appellant went to Bouche's apartment and knocked but Bouche and Kupec didn't answer the door. He also tried to call Bouche but she unplugged the telephone when it rang. Appellant then armed himself and went to Bouche's apartment. He let himself in with his key, went to the bedroom, turned on the lights, discovered Bouche and Kupec naked in bed and fired a shot at the wall. Kupec then leapt out of bed, attempted to hide behind a dresser, and was shot and killed by appellant. Appellant did not flee, rather he waited at the scene for police to arrive.

Defense counsel tendered an instruction correctly explaining that the burden of proof was upon the State to negate the presence of sudden heat. *Holland v. State* (1983), Ind., 454 N.E.2d 409. This instruction was refused by the trial judge who informed counsel that the language was included in a pattern instruction which he would read to the jury. No such instruction was given.

The question of the presence or absence of sudden heat is one to be resolved by the jury. *Estes v. State* (1983), Ind., 451 N.E.2d 313. In the case before us, this was for all practical purposes the only question before the jury. They resolved the issue but did so ignorant of which side bore the burden of proof. The jury may have believed appellant had to prove he acted in sudden heat. They may have believed the State had to negate its existence. There was certainly evidence presented from which the jury could have determined appellant was acting in sudden heat when he killed Christoper Kupec. He was entitled to a jury instruction explaining that the State must negate the presence of sudden heat beyond a reasonable doubt. *Holland, supra.* The court's refusal of appellant's tendered instruction to this effect necessitates the granting of a new trial.

Reversed and remanded.

SHEPARD, C.J., and DICKSON, J., concur.

GIVAN, J., dissents with separate opinion in which PIVARNIK, J. concurs.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case. The jury may reasonably conclude that one did not act in sudden heat if a sufficient "cooling off" period occurred between the provocation and the homicide. *Sanders v. State* (1981), Ind., 428 N.E.2d 23.

There is no question that the trial court should have instructed the jury that the State had the burden of proof to establish the absence of sudden heat. However, any error in giving or refusing an instruction is harmless if the conviction is clearly sustained by the evidence and the jury could not have found otherwise. *Walker v. State* (1986), Ind., 497 N.E.2d 543.

The State's evidence shows that when appellant discovered that Bouche had another man in her apartment he drove to his home, made two telephone calls, collected his guns and drove back to Bouche's apartment. This conduct clearly demonstrated that appellant had a sufficient time to "cool off" after he discovered the factual situation. *Harlan v. State* (1985), Ind., 479 N.E.2d 569.

I would therefore hold that although the trial court erred in failing to give the instruction concerning the State's burden of proof, such error did not rise to reversible error because a verdict of sudden heat would have been unreasonable under the circumstances. *Walker, supra.*

I would affirm the trial court.

PIVARNIK, J., concurs.