**Mark E. BOYD, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 82A01–8909–CR–00375.**

Court of Appeals of Indiana, First District.

March 1, 1990.

Terry Noffsinger, Noffsinger, Price & Bradley, Evansville, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Appellant-defendant Mark Boyd appeals his conviction of murder after a jury trial.

We affirm.

According to the evidence favorable to the verdict of murder, Boyd encountered the decedent, Stanley Maffett, in an alley beside Allen's Lounge, where a crowd of revelers were gathered. At one point, Boyd was struck by a cup of liquid that Maffett had tossed aside, apparently unintentionally. Boyd requested that Maffett apologize, and an argument ensued. Boyd left the alley and went to his home to retrieve a handgun. He returned to the scene carrying the gun wrapped in a blue towel. Boyd wanted to show Maffett the gun in order to "straighten things out." The men's argument turned into a fistfight, and the gun went off without the bullet striking anyone. At one point in the fracas, Boyd dropped the gun. The men wrestled for it, with Boyd recovering it by laying over it with his body. Maffett began punching and kicking Boyd while Boyd was on the ground.

When Boyd got up, he shot Maffett once in the chest. As several people in the group attempted to protect and assist Maffett, Boyd came around them and stomped on Maffett's head as he lay on the ground. Maffett died of the bullet wound.

After the jury found Boyd guilty of murder, the judge sentenced Boyd to forty years.

On appeal, Boyd raises three issues:

I. Whether the State sufficiently rebutted Boyd's evidence that he acted in self-defense.

II. Whether the court should have directed a verdict for voluntary man-

slaughter in view of the evidence that Boyd shot Maffett in a sudden heat of passion.

III. Whether the court erred in sentencing Boyd to 40 years, without considering mitigating circumstances.

When considering issues of the sufficiency of evidence on appeal, we do not weigh the evidence or judge the credibility of the witnesses. Rather, an appellate court considers only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom which support the verdict. If there is substantial evidence of probative value which would permit a reasonable trier of fact to find the existence of each element of the offense beyond a reasonable doubt the judgment must be affirmed. *Hutchinson v. State* (1985), Ind., 477 N.E.2d 850.

I.

First, Boyd maintains that the State had not sufficiently rebutted his assertion at trial of self-defense. Boyd is correct in asserting that the State bears the burden of negating defendant's self-defense beyond a reasonable doubt. *McCann v. State* (1984), Ind., 466 N.E.2d 421. It may do so by affirmatively rebutting defendant's evidence, if any, or by showing within its case-in-chief that the defendant was not acting in self-defense when the knowing and intentional killing occurred. *Id.*; *Harris v. State* (1978), 269 Ind. 672, 382 N.E.2d 913. The State has succeeded in negating defendant's claim of self-defense if it rebuts one of the elements: 1) that the defendant acted without fault; 2) that the defendant was in a place he had a right to be; and 3) that he acted in reasonable fear or apprehension of death or great bodily harm. *McCraney v. State* (1983), Ind., 447 N.E.2d 589.

Boyd essentially argues that the State never directly rebutted the evidence that Boyd feared Maffett because he had been told Maffett could be dangerous, Maffett appeared to be concealing something in his pocket, and Maffett had kicked and hit Boyd as Boyd lay on the gun. Also, Boyd defended his retrieving the gun by claiming

he was not "aggressive," since he had a blue towel over the gun, and was not pointing it at Maffett when he returned to the scene.

There was sufficient evidence in the State's case-in-chief which supports the jury's conclusion that Boyd did not act in self-defense. The jury is not required to believe the defendant's evidence. *Harris v. State*, 382 N.E.2d at 915. Here, even if the State had not produced evidence denying the facts as Boyd sets them out, the jury was not obligated to draw any inferences favorable to Boyd. Accordingly, the jury could have reasonably concluded that Boyd had not armed himself for protection, but instead was awaiting an opportunity to best Maffett. *Cf. Harvey v. State* (1989), Ind.App., 541 N.E.2d 556, 558.

■ Moreover, even if a person is initially assaulted, the trier of fact may find that the use of deadly force is not justified if a reasonable person in the same circumstances would not have been placed in reasonable fear of death or great bodily harm. *McCraney, supra.* Again, the evidence of Boyd's retrieving a gun and returning to the scene may be taken as an act of an aggressive, not a fearful, person. The evidence that Boyd was pummeled while in a prone position, while justifying some measure of self-defense, was not necessarily indicative of a need to use deadly force, especially where the evidence showed Boyd had come to a standing position before firing the fatal shot. Lastly, from evidence that Boyd stomped on Maffett's head after he had fallen from the gunshot wound, the jury could have chosen to reject Boyd's claim of self-defense. The State sufficiently negated Boyd's claim of self-defense.

## II.

■ Boyd also raises the issue whether the State negated the presence of sudden heat of passion. When the presence of sudden heat is introduced into a case, the State carries the burden of negating the presence of sudden heat beyond a reasonable doubt. *Estes v. State* (1983), Ind., 451 N.E.2d 313. As with self-defense, the State may meet its burden by rebutting the defendant's evidence or by affirmatively showing in its case-in-chief the defendant was not acting in sudden heat when the killing occurred, and the question is one for the jury. *Id.*

■ The evidence presented by the State supported the jury's finding of an absence of provocation sufficient to obscure Boyd's reason or his understanding of the consequences of his acts. After the initial verbal exchange, instigated by spilled liquid, Boyd left for several minutes (just how long is not clear) to retrieve a gun. Boyd had the presence of mind to park his car several blocks from the vicinity of the lounge and to conceal the weapon in a blue towel. One witness testified that Boyd got off one shot at Maffett before Maffett ever struck Boyd. The State had sufficiently negated the presence of sudden heat, thereby permitting the jury to reject voluntary manslaughter in favor of the murder verdict.

## III.

■ Boyd's final issue is the court's sentencing him to forty years, without finding mitigating circumstances. A finding of mitigating circumstances is within the discretion of the trial court. *Stark v. State* (1986), Ind., 489 N.E.2d 43. Boyd received the presumptive sentence for murder. When the trial court imposes the presumptive sentence for an offense this court presumes that the court considered the statutory factors in determining the sentence. *Hicks v. State* (1985), Ind., 474 N.E.2d 987. As Boyd has presented no other basis on which to find that his sentence is manifestly unreasonable, we will affirm. *See* Ind. Appellate Review of Sentences Rule 2.

Judgment affirmed.

RATLIFF, C.J., and STATON, J., concur.