Michael D. **PALMER**, Appellant (Petitioner Below),

v.

**STATE of Indiana**, Appellee.

No. 49A02–8804–PC–00154.

Court of Appeals of Indiana, Second District.

May 17, 1990.

Rehearing Denied June 15, 1990.

---

Michael D. Palmer, Pendleton, pro se.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Michael D. Palmer (Palmer) appeals the denial of his Petition for Post–Conviction Relief.

We reverse.

On August 30, 1978, Palmer was charged with murder. The indictment alleged that the act occurred June 19, 1978. Palmer was convicted of murder on May 13, 1980, following a jury trial. An earlier trial had resulted in a hung jury.

Palmer instituted a direct appeal of his conviction, presenting two issues: whether the verdict was contrary to law and to the evidence and whether the State failed to prove all the elements of murder, and that therefore the evidence supported at most a conviction for voluntary manslaughter. His conviction was affirmed. *See Palmer v. State* (1981) Ind., 425 N.E.2d 640. Palmer's counsel on appeal was different than at trial.

Palmer filed a Petition for Post–Conviction Relief on March 28, 1984, and amended it February 19, 1986. Following a hearing, the petition was denied. He was represented by the Indiana Public Defender's Office at the post-conviction proceeding but brings this appeal *pro se.*

Palmer's brief presents eight issues, one of which compels reversal: whether or not the jury was correctly instructed on the lesser included offense of voluntary manslaughter. However, because aspects of waiver are involved, we must necessarily address Palmer's contention of ineffective assistance of trial and appellate counsel, as well as the post-conviction court's ruling on Palmer's right to post-conviction review.

I

RIGHT TO
POST–CONVICTION REVIEW

As a preliminary issue we consider whether the contentions made by Palmer

after his direct appeal were reviewable in post-conviction proceedings. Palmer alleges the jury was incorrectly instructed as to the issue of voluntary manslaughter. The trial court's instruction read as follows:

"The statutory law upon which this charge is based reads, insofar as applicable, as follows:

### VOLUNTARY MANSLAUGHTER

'A person who knowingly or intentionally kills another human being while acting under sudden heat commits voluntary manslaughter, a class B felony.'

The essential elements of this crime are:

1. The voluntary killing of a human being
2. Without malice, and
3. In a sudden heat.

Sudden heat as used herein means an access [sic] of rage or anger suddenly arising from a contemporary provocation occurring at the time of the killing." Trial Record at 132.

The post-conviction court issued findings of fact and conclusions of law pertinent to the issues under review. In its findings the court stated that trial counsel believed the voluntary manslaughter instruction given at trial fit Palmer's defense and that testimony from appellate counsel indicated that even if he had believed the instruction to be erroneous he would not have challenged it as he believed it to be favorable to Petitioner.

The court further determined:

"The Voluntary Manslaughter instruction was given from a pattern jury instruction book. The first case addressing the issue of whether 'sudden heat'

was an element of the crime did not come down until after Petitioner's trial. See *Anthony v. State* (1980) [274 Ind. 206], 409 N.E.2d 632. In addition, both trial and appellate counsel felt the instruction was advantageous to Petitioner." Trial Record at 286.

In its Conclusions of Law the court determined that Palmer had failed in his burden of proving ineffective assistance of trial counsel and that fundamental error could not be raised as a free standing issue after a direct appeal in a post-conviction relief petition.

The post-conviction court's ruling does not take cognizance of the fact that the statutory definition of voluntary manslaughter changed effective October 1, 1977. Prior to that date, voluntary manslaughter was defined under I.C. 35–13–4–2 as the "voluntar[y] kill[ing of] any human being, without malice, expressed or implied, in a sudden heat." (Burns Code Supp. 1976).[1]

After October 1, 1977, I.C. 35–42–1–3 defined voluntary manslaughter as follows:

"(a) A person who knowingly or intentionally kills another human being while acting under sudden heat commits voluntary manslaughter, a class B felony.

(b) The existence of sudden heat is a mitigating factor that reduces what otherwise would be murder under section 1(1) [35–42–1–1(1)] of this chapter to voluntary manslaughter." [2]

Subsection (b) appears to codify caselaw existing at the time of the statute's enactment holding that sudden heat is not a part of the State's burden of proof regarding culpability, but rather tends to negate an indicia of culpability, i.e., malice. *Hollo-*

---

**1.** Note that Acts 1976, P.L. 148, § 2, effective July 1, 1977, contained the following language: "Voluntary Manslaughter. A person who knowingly or intentionally kills another human being while acting under an intense passion resulting from grave and sudden provocation commits a Class B felony. A provocation is grave if it is sufficient to excite an intense passion in a reasonable man. The state is not required to prove intense passion resulting from grave and sudden provocation. Intense passion resulting from grave and sudden provocation is a mitigating factor that

reduces what otherwise would be murder to voluntary manslaughter."
This version of I.C. 35–42–1–3 was in effect for the three month period from July 1, 1977, to October 1, 1977. It never appeared in Indiana's Official Code.

**2.** It is interesting to note that the first part of the instruction tracks the language of I.C. 35–42–1–3(a). Subsection (b), characterizing sudden heat as a mitigating factor, is conspicuously absent.

*way v. State* (1976) 3d Dist., 170 Ind.App. 155, 352 N.E.2d 523. In addition to the change in the voluntary manslaughter statute, effective October 1, 1977, caselaw prior to the *Anthony* decision in 1980 clearly indicated that sudden heat was not an element of voluntary manslaughter. *Wallace v. State* (1979) 1st Dist., 182 Ind.App. 256, 395 N.E.2d 274. Therefore the post-conviction court erred in ruling that the law on voluntary manslaughter did not change until 1980. Under the statute existing at the time of the offense and at the time of the trial, the instruction regarding voluntary manslaughter was incorrect. It was also misleading under standards articulated in the developing caselaw which, by the time of Palmer's trial in May, 1980, established that sudden heat was not an element of voluntary manslaughter. *Wallace, supra,* 395 N.E.2d 274. *See also Nuss v. State* (1975) 1st Dist., 164 Ind.App. 396, 328 N.E.2d 747.

The State's response is that Palmer's challenge to the alleged error has been waived and that in any event he was not harmed by the instruction. The post conviction court agreed with the State. It is true that where an issue is available at the time of direct appeal, failure to raise it amounts to a waiver for purposes of post-conviction review, absent a showing of fundamental error. *Barker v. State* (1987) Ind., 508 N.E.2d 795. However, Palmer presents an issue of fundamental error, and raises the issue within the purview of the post-conviction rules. *See Bailey v. State* (1985) Ind., 472 N.E.2d 1260, 1263.

Palmer alleges ineffective assistance of trial counsel for, among other things, failing to object to the instruction and ineffective assistance of appellate counsel for fail-

ing to raise the instruction error, as well as the allegation of ineffective trial counsel, in Palmer's direct appeal. Ineffective assistance of counsel is shown where counsel's performance is deficient and where such deficiency resulted in prejudice to the defendant. *Strickland v. Washington* (1984) 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Steele v. State* (1989) Ind., 536 N.E.2d 292. The requisite showing is met here.[3]

■ Palmer's trial counsel testified that he could not recall whether he knew the voluntary manslaughter instruction to be an incorrect statement of law, but that he did not object to it because "it fit our defense." Record at 430. Appellate counsel for Palmer also stated that he could not recollect whether or not he knew the instruction was incorrect. He further testified that even if he had believed it to be erroneous, he would not have raised it in the appellate brief because he believed the instruction to be favorable to his client.

"When failure of counsel is based on ignorance of the law, the nonfeasance is not deemed a mere strategy decision, and may constitute ineffective assistance of counsel. *Heyward v. State* (1988), Ind. App., 524 N.E.2d 15, 20 (citing *Smith v. State* (1979), 272 Ind. 216, 396 N.E.2d 898)." *Gann v. State* (1990) 4th Dist. Ind.App., 550 N.E.2d 803.

Thus, counsels' failure to recognize that the instruction was incorrect cannot be justified as trial strategy.

Nor was Palmer benefitted by the instruction. As will be hereinafter discussed, the charge as given was misleading, and when considered in conjunction with other instructions, left an impression that a jury could not appropriately find Palmer guilty of the less serious offense of

---

**3.** However, our Supreme Court recently stated in *Propes v. State* (1990) Ind., 550 N.E.2d 755, that no such showing is necessary because "fundamental error is cognizable in a petition for post-conviction relief even absent preliminary proof of ineffective assistance of counsel." 550 N.E.2d at 758.

Although the *Propes* case, a unanimous decision by the four participating justices, relies in part upon *Bailey v. State, supra,* 472 N.E.2d 1260, it would appear to impliedly overrule *Bailey.* In *Bailey,* the court addressed "the propriety

of raising an issue singularly characterized as fundamental error in a post-conviction petition." 472 N.E.2d at 1262. The court held that because the remedy of post-conviction relief is not a substitute for a direct appeal, any issue raised in a post-conviction petition must be raised within the purview of the post-conviction rules and must assert "deprivation of the Sixth Amendment right to effective assistance of counsel, or be an issue demonstrably unavailable to the petition at the time of his trial and direct appeal." 472 N.E.2d at 1263.

voluntary manslaughter absent proof beyond a reasonable doubt of the absence of malice and the presence of sudden heat.

 For this reason, we cannot agree that review of the merits of Palmer's argument is precluded. Fundamental error, for purposes of post-conviction relief, is error which, if not rectified, would result in the denial of fundamental due process. *Propes v. State* (1990) Ind., 550 N.E.2d 755; *Bailey, supra,* 472 N.E.2d 1260. We hold that the instruction in question rises to the level of fundamental error which allows post-conviction review upon the merits and ultimately warrants reversal of the denial of post-conviction relief.

## II

### INCORRECT INSTRUCTION

The voluntary manslaughter instruction informed the jury that "the essential elements of this crime" were voluntary killing, without malice, and in a sudden heat. Trial Record at 132. Palmer contends that this instruction placed the burden upon the State to demonstrate that Palmer acted without malice and in a sudden heat. At the post-conviction hearing, appellate counsel stated that the court's instruction benefitted Palmer because it provided "a lot more elements and a lot more things to argue to a jury" than the 1977 change apparently did. Record at 442. The State urges in its brief that instructing that the State carried the burden on sudden heat "could only work to the Defendant's favor." State's brief at 15.

 At first glance, the argument is seductively appealing. However, we are in agreement with Palmer's position that the instruction is misleading, especially in conjunction with the other instructions. That the instruction was an incorrect statement of law cannot be denied. I.C. 35–42–1–3 (Burns Code Ed. Supp.1977). It worked against Palmer by indicating to the jury that it could not find him guilty of voluntary manslaughter unless it determined that there was an absence of malice and the presence of sudden heat. Yet the absence of malice is not an element of voluntary manslaughter, *Palmer, supra,* 425 N.E.2d 640, and sudden heat is a mitigating factor—a defense. I.C. 35–42–1–3(b). *Storey v. State* (1990) Ind., 552 N.E.2d 477; *McCann v. State* (1984) Ind., 466 N.E.2d 421. Trial counsel testified that it was his strategy to have the jury consider voluntary manslaughter as an "option" in addition to guilty of murder or not guilty. Record at 435. Characterizing sudden heat as an "element" places the burden of proof of sudden heat on the State and works against defendant by changing the amount of evidence necessary to demonstrate its presence. Such a charge is antithetical to creating options for the jury to consider.[4]

In addition to the voluntary manslaughter instruction, the jury was instructed that it was required to consider any one instruction in light of every other instruction. One of the other instructions included a statement that the State must prove beyond a reasonable doubt "every essential element of the offense charged." Trial record at 123. In addition, the jury was informed that "the burden of proof herein is on the State alone and never shifts to the Defendant." *Id.*

These instructions create the impression that the jury must find proof of sudden heat beyond a reasonable doubt. Thus Palmer's allegation is not a mere sufficiency of the evidence question. That is, if the question were merely which party bore the burden to prove sudden heat, we might conclude that the instruction was harmless. It would not matter that the State, rather than Palmer, failed to prove sudden heat— only that the jury did not find sufficient evidence of it.

 However, at the crux of Palmer's contention regarding burden of proof is the conclusion that the jury was misled as to the quantum of evidence necessary to reduce murder to voluntary manslaughter. It has been held repeatedly that sudden

---

**4.** *See Beck v. Alabama* (1980) 447 U.S. 625, 100 S.Ct. 2382, 2388, 65 L.Ed.2d 392: "Providing the jury with the 'third option' of convicting on a lesser included offense ensures that the jury will accord the defendant the full benefit of the reasonable doubt standard."

heat is a mitigating factor with regard to conduct that would otherwise constitute murder. *Palmer, supra,* 425 N.E.2d 640; *Russell v. State* (1981), 275 Ind. 679, 419 N.E.2d 973; *Anthony v. State* (1980), 274 Ind. 206, 409 N.E.2d 632. Once the issue of sudden heat has been injected, the burden is on the State to *negate* beyond a reasonable doubt the existence of of sudden heat. *Holland v. State* (1983) Ind., 454 N.E.2d 409; *Estes v. State* (1983) Ind., 451 N.E.2d 313; *Pinegar v. State* (1990), 3d Dist., Ind.App., 553 N.E.2d 525; *Boyd v. State* (1990) 1st Dist., Ind.App., 550 N.E.2d 354, *trans. pending.*

In the present case there was evidence which introduced the issue of sudden heat. Such evidence included testimony that the victim, Charles Williams, had beaten and raped Palmer's sister-in-law, had demanded that the sister-in-law accompany Williams to a liquor store although she did not wish to go, had refused to leave when asked by Palmer to do so, had taunted and threatened Palmer, and had appeared to reach for a gun. It is for the jury to decide whether that evidence constituted sudden heat sufficient to warrant a conviction for voluntary manslaughter. *Harrington v. State* (1987) Ind., 516 N.E.2d 65; *Estes, supra,* 451 N.E.2d 313. However the jury must be correctly instructed on the issue. *Harrington, supra.*

The instruction on voluntary manslaughter did not inform the jury that sudden heat was a mitigating factor nor that the State must disprove it beyond a reasonable doubt. Such error requires reversal. *See Harrington, supra,* 516 N.E.2d 65; *see also Smith v. State* (1984) Ind., 459 N.E.2d 355.

The judgment is reversed and the case is remanded with instructions to grant Palmer's petition for post-conviction relief.

BUCHANAN, J., concurs with respect to the determination that ineffective assistance of counsel requires reversal but does not agree that fundamental error exists.

CHEZEM, P.J., dissents with separate opinion.

CHEZEM, Presiding Justice, dissenting.

I respectfully dissent. In a post-conviction relief proceeding, the defendant has the burden of proving the fact of the error he alleges as well as, the alleged harm. In this case Defendant has the burden of proving that the attorneys who represented him both at trial and on appeal did not recognize that the instruction complained of was erroneous. He also must prove that their strategy was so poor as to be ineffective assistance of counsel. Finally, the defendant has the burden of proving that but for counsel's errors with respect to the erroneous instruction, the result of his trial would have been different. *See Layton v. State* (1986), Ind., 499 N.E.2d 202, 205.

Whether or not trial and appellate counsel provided ineffective assistance to this Defendant is a question of fact. Both attorneys testified they did not remember if they knew the voluntary manslaughter instruction was an incorrect statement of law, but they wanted the instruction read because in their judgment, it fit the defendant's theory of his defense. The judge who presides over the post-conviction relief hearing possesses exclusive authority to weigh the evidence and determine the credibility of the witnesses, and this court will not set aside the trial court's ruling on a post-conviction petition unless the evidence is without conflict and leads solely to a result different than that reached by the trial court. *Stewart v. State* (1988), Ind., 517 N.E.2d 1230, 1231. The trial court made no finding that trial and appellate counsel were ineffective. Whether or not counsel failed to recognize the error of the instruction and whether or not such failure harmed the defendant is a factual question and more properly determined by the trial court; for us do to so requires that we invade the province of the trial court. Therefore, I would remand for a finding by the trial court whether: (1) the trial and appellate counsel failed to recognize the incorrectness of the instruction (2) that such failure constituted incompetency of counsel rather than strategic error, and (3) that the result of the defendant's trial

would have been different but for the erroneous instruction.