Jimmy Lee BONNER, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 45A03–9007–PC–307.

Court of Appeals of Indiana,
Third District.

Dec. 17, 1990.

Susan K. Carpenter, Public Defender, Amy E. Karozos, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Petitioner-appellant Jimmy Lee Bonner appeals the denial of his petition for post-conviction relief. A jury convicted Bonner of murder and felony murder for the April 1977 shooting of Columbia Davis. The trial court sentenced Bonner to life imprisonment on the felony murder conviction. Bonner filed a direct appeal in which he raised four issues for review:

(1) whether the trial court erred in admitting two photographs of the decedent's body into evidence;

(2) whether the trial court erred in giving the State's instruction on self-defense;

(3) whether the evidence was sufficient to sustain the verdicts; and

(4) whether the trial court erred in refusing to sentence the defendant under the new criminal code.

The Indiana Supreme Court affirmed the conviction in *Bonner v. State* (1979), 271 Ind. 388, 392 N.E.2d 1169.

Bonner filed a petition for post-conviction relief on March 20, 1984, and amended it on June 16, 1988, and March 29, 1989. Following an evidentiary hearing on April 4–5, 1989, the court took the petition under advisement. The court denied the petition on March 27, 1990, and this appeal ensued.

Bonner raises three issues for review which this Court restates as follows:

(1) whether the post-conviction court erred in its judgment that the trial court's failure to *sua sponte* instruct the jury that the State bore the burden of negating sudden heat beyond a reasonable doubt was not fundamental error;

(2) whether the post-conviction court erred in its judgment that Bonner received the effective assistance of trial counsel; and

(3) whether the post-conviction court erred in its judgment that Bonner re-

ceived the effective assistance of appellate counsel.

■ In a post-conviction proceeding, the petitioner bears the burden of proof and stands in the shoes of one appealing from a negative judgment. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. The reviewing court, therefore, will not reverse the judgment of the post-conviction court unless the evidence is without conflict and leads unerringly to a contrary result.

Ind. Post–Conviction Rule 1(5);

*Schiro v. State* (1989), Ind., 533 N.E.2d 1201, 1204.

Bonner first claims the trial court erroneously instructed the jury on the offense of voluntary manslaughter. Although this issue was available on direct appeal and Bonner failed to raise it, he argues that the issue constitutes fundamental error. In support of his position, Bonner cites *Palmer v. State* (1990), Ind.App., 553 N.E.2d 1256 (Buchanan, J., concurring; Chezem, P.J., dissenting). However, as Judge Buchanan stated in his concurring opinion, he did not agree with the majority opinion that fundamental error existed with respect to the instruction issue. Consequently, the fundamental error holding in *Palmer* is not the majority holding.

■ Notwithstanding the above, Bonner's claim lacks merit. As the State noted, Bonner committed the crimes prior to October 1, 1977, the effective date of the new penal code; therefore, IND.CODE § 35–13–4–2,[1] the statute in force at the time of commission, was the applicable statute. *Bonner,* 392 N.E.2d at 1171. The instant instruction tracked the language of IND.CODE § 35–13–4–2 and read as follows:

"VOLUNTARY MANSLAUGHTER is defined by statute in Indiana as follows:

Whoever voluntarily kills any human being without malice, expressed or implied, in a sudden heat, is guilty of voluntary manslaughter, and, on con-

---

1. Repealed by Acts 1976, P.L. 148, SEC. 24.

viction, shall be imprisoned in the state prison for not less than two (2) nor more than twenty-one (21) years."

The trial court also gave the following instruction on sudden heat:

"Mere passion or anger is not alone sufficient to make an intentional homicide voluntary manslaughter. The sudden heat of passion sufficient to reduce homicide from murder to manslaughter must be accompanied by adequate provocation. Mere words do not constitute provocation which will reduce an unlawful killing from murder to manslaughter."

Considering the above instructions together with the court's instructions on the State's burden of proof, reasonable doubt, and the presumption of innocence, the court's failure to *sua sponte* instruct the jury that the State bore the burden of negating sudden heat beyond a reasonable doubt was not fundamental error. *See Joshua v. State* (1990), Ind., 553 N.E.2d 1202.

 Furthermore, although voluntary manslaughter is a lesser-included offense of murder, it is not a lesser-included offense of felony murder as felony murder has no lesser-included homicides. *Smith v. State* (1987), Ind., 508 N.E.2d 14, 16. The jury convicted Bonner of both murder and felony murder; however, the trial court did not sentence Bonner on the murder conviction. Any error, therefore, in the voluntary manslaughter instruction was harmless.

 Bonner next contends the post-conviction court erred in its judgment that he received the effective assistance of trial and appellate counsel. It is well settled that judicial scrutiny of counsel's performance is highly deferential. The standard for counsel's performance is reasonably effective assistance. To prevail on a claim of ineffectiveness, a defendant must show (1) that his counsel's performance was deficient, and (2) that the deficient performance was so prejudicial that it deprived him of a fair trial. The defendant must also overcome, with strong and convincing evidence, the presumption of his counsel's competency.

*Strickland v. Washington* (1984), 466 U.S. 668, 687–694, 104 S.Ct. 2052, 2064–2068, 80 L.Ed.2d 674; *Schiro* at 1205–1206.

 Specifically, Bonner argues that trial counsel was ineffective in failing to object to the court's voluntary manslaughter instruction and in failing to tender a proper instruction. He argues that appellate counsel was ineffective in failing to raise on direct appeal the instruction issue or the ineffectiveness of trial counsel. However, as previously discussed, any error in the instruction was harmless due to the felony murder conviction and sentence. Even assuming the performance of trial and appellate counsel was deficient, Bonner failed to show prejudice to his case and, thus, failed to met his burden of proof on the ineffectiveness issue. The judgment of the post-conviction court is affirmed.

Affirmed.

STATON, J., and MILLER, P.J., concur.