Kenneth H. **ROZIKA**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 26S00–8703–CR–332.

Supreme Court of Indiana.

April 6, 1988.

Rehearing Denied June 14, 1988.

· Joe D. Black, Ramsey & Black, Vincennes, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Robbery Resulting in Bodily Injury, a Class B felony, for which he received a twelve (12) year sentence.

The facts are: During the early morning hours of August 19, 1986, Thomas Robb finished his shift at work and returned to his home in Gibson County, Indiana. When he was unlocking his door, he noticed appellant behind him. Robb testified that appellant was holding a can of spray mace behind his back and said he planned to take his television set. Robb further testified that appellant erroneously believed he owed him money pursuant to a loan agreement, and he wanted Robb's personal property to use as collateral. They both entered Robb's house, and Robb tried to convince appellant to leave. With the can of mace in his hand, appellant demanded that Robb locate his television set, which he did. Appellant found Robb's electric guitar in a bedroom, and as Robb entered the room, appellant sprayed him in the face with mace. A struggle ensued as Robb attempted to reach his shotgun behind the door, and appellant continued to spray him with mace. After Robb was able to grasp his gun, appellant ran out of the house with Robb's electric guitar.

Mable Adkins testified that on August 19, 1986, appellant came to her house because he thought her son might be interest· ed in purchasing the electric guitar for $400. While her son was using it on a trial basis, they learned it was stolen property so they informed the police. The next day police charged appellant with robbery.

■ Appellant argues the evidence is insufficient to support his conviction. He believes that because he had used Robb's personal property as collateral for previous loan transactions and because the guitar was taken to serve the same purpose, he had no criminal intent.

This Court will not reweigh the evidence or judge the credibility of the witnesses. *Polk v. State* (1984), Ind., 467 N.E.2d 666. Recently this Court has held that a creditor's attempt to collect by force a secured loan does not negate the criminal intent element of robbery. "[T]he law does not sanction the use of self-help with firearms as a debt collection device. It does not permit creditors to rely on violence, threats, or weapons to collect debts; they should seek redress through the appropriate legal and peaceful channels (footnote omitted)." *Sheckles v. State* (1986), Ind., 501 N.E.2d 1053. We find the evidence is sufficient to sustain his conviction.

Appellant contends the trial court erred by denying his motion for new trial based on newly-discovered evidence. He produced an affidavit of Monte Frederick who, according to appellant's testimony, sat in the car while he visited Robb's home on the night of the offense. The affiant stated that after the incident occurred he saw Robb at a tavern, and Robb told him that he was sorry; his parents made him press charges, and he would pay appellant the money he owed him plus extra.

■ Relief by a new trial when evidence is newly-discovered is authorized by Ind.R. Tr.P. 59(A)(6). To gain such relief, appellant must prove that: 1) the evidence has been discovered since the trial; 2) it is material and relevant; 3) it is not cumulative; 4) it is not merely impeaching; 5) it is not privileged or incompetent; 6) due diligence was used to discover it in time for trial; 7) the evidence is worthy of credit; 8) it can be produced on a retrial of the case; and 9) and it will probably produce a differ-

ent result. *Wilson v. State* (1987), Ind., 511 N.E.2d 1014.

■ Appellant believes that the new evidence will produce a different result upon retrial because it will directly contradict the victim's testimony. We cannot agree. As we stated above, whether Robb owed appellant money is not relevant because appellant may not defend a robbery charge by alleging that the victim owed him money. Therefore, the affiant's information would not cause a different result upon retrial. The trial court did not err in denying appellant's motion.

Appellant believes he was denied effective assistance of counsel. He contends that his trial counsel's failure to call three witnesses, failure to make a motion to strike certain testimony, and failure to move for a continuance violated his right to effective assistance of counsel.

■ Appellant must overcome with strong and convincing evidence the presumption of his counsel's competency. *Stewart v. State* (1988), Ind., 517 N.E.2d 1230. Also, this Court will not speculate about what may have been the most advantageous strategy in a particular case. Isolated poor strategy, inexperience, or bad tactics do not necessarily establish ineffective assistance of counsel. *Grigsby v. State* (1987), Ind., 503 N.E.2d 394. Appellant also must prove that he was prejudiced by showing that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Geary v. State* (1986), Ind., 497 N.E.2d 228.

Appellant states that Monte Frederick, Kathy Langston and Rocky Sumner would have provided their opinions that a robbery did not occur, that appellant was acting in self-defense, and that Robb had told them that appellant did not rob him. He believes that if these witnesses had testified, he probably would have been acquitted.

■ The decision whether to call a particular witness to testify on behalf of the defendant is a matter within trial counsel's strategy. We will not declare counsel ineffective for failure to call a particular witness without a clear showing of prejudice.

The statement that Frederick accompanied appellant to Robb's home and saw them engage in a struggle might have been considered by appellant's counsel to have a negative impact on appellant's case. We will not speculate as to his trial tactics.

Appellant believes his trial counsel's failure to call Langston and Sumner as witnesses was error because they would have testified that Robb told them he was not robbed by appellant. Appellant has provided no affidavit from Langston or Sumner stating what their testimony would have been had they been allowed to testify. Appellant's bare assertion does not provide a clear showing of prejudice. We cannot find his trial counsel ineffective based upon this allegation. *Cobb v. State* (1987), Ind., 505 N.E.2d 51.

■ Appellant asserts that his trial counsel was ineffective because he failed to make a motion to strike Robb's testimony. During cross-examination, Robb was asked whether he kept any receipts showing payments he made to appellant, and Robb said no. When he was asked why he did not keep them, Robb pleaded the Fifth Amendment to the United States Constitution. At the conclusion of the State's case, appellant's attorney moved to strike Robb's testimony because his invocation of the Fifth Amendment was inconsistent with his promise to tell the "whole truth." His motion was denied and appellant argues that because the motion to strike was delayed, he was not afforded effective assistance of counsel.

Appellant has not alleged or demonstrated how he was prejudiced by the delayed motion to strike, thus we cannot find that his attorney's conduct was ineffective. *Grigsby, supra.*

■ Appellant argues his counsel was ineffective because he "hurried appellant into a very fast trial." The record shows that on September 3, 1986, appellant's trial counsel was appointed. Appellant's jury trial began on September 25, 1986. No allegation was made by appellant that his trial counsel was unprepared for trial, nor does the record demonstrate such. We

**1270**

cannot find that appellant's trial counsel was ineffective based upon his lone assertion that he was hurried into trial.

Appellant contends the trial court committed fundamental error by refusing his tendered instruction on self-defense.

■ Appellant asserts that because self-defense was an issue at trial, the refusal of his instruction deprived him of a fair trial. We have held that self-defense is not available where the accused is the initial aggressor. *Arnold v. State* (1984), Ind., 460 N.E. 2d 494; Ind.Code § 35–41–3–2(d)(3). We find no error in the refusal of the instruction.

Appellant argues that the trial court erred in refusing to reread the instructions to the jury.

■ After the trial judge read final instruction twelve to the jury, a juror began to ask him to repeat it. The judge responded that he would be happy to reread all the instructions upon any juror's request but he could not put undue emphasis on any single one. In the order book, the trial judge noted that the court, on its own motion, tendered a copy of the instructions to the jury prior to deliberations because a juror requested that he reread an instruction. Appellant contends it was error to give the jury a copy of the instructions in lieu of rereading them.

We first note that appellant made no objection to the procedure of tendering the instructions to the jury, and his failure to object results in waiver of the issue. *Wood v. State* (1987), Ind., 512 N.E.2d 1094. Further, it is not error to send instructions to the jury room if they were first read in open court, so long as the instructions are devoid of any extraneous markings which could place undue emphasis on any single instruction. *Id.; Denton v. State* (1986), Ind., 496 N.E.2d 576. In the order book, the trial judge noted that the instructions bore no marks which could identify from whom they originally emanated, and the trial court believed it necessary to provide a copy of the instructions to the jury to assist them in their deliberations. We find no error.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.