Charles MIEHER, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee.

No. 49A02–8707–PC–297.

Court of Appeals of Indiana,
Second District.

Nov. 3, 1988.

Christopher C. Zoeller, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Charles Mieher appeals the denial of his petition for post-conviction relief.

We affirm.

Mieher was found guilty of possession with intent to deliver a schedule IV controlled substance and was sentenced to five years. This sentence was enhanced by thirty years upon the court's finding him to be an habitual offender. In the petition for post-conviction relief, Mieher alleges ineffective assistance of trial and appellate counsel. Specifically, he contends that trial counsel failed to interview two potential witnesses before deciding not to call them or otherwise use their evidence, failed to challenge the admission of an Illinois conviction which was used as a predicate felony for an habitual offender enhancement, and failed to raise and preserve an issue concerning his waiver of a jury trial. In addition, Mieher claims appellate counsel was ineffective for failing to raise these issues upon direct appeal.

■ To evaluate Mieher's claim of ineffective counsel, we must decide whether counsel's performance was so deficient that he was not functioning as guaranteed by the Constitution, and if so, whether this deficient performance was so prejudicial as to deprive Mieher of fundamental fairness. *Strickland v. Washington* (1984) 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Burse v. State* (1987) Ind., 515 N.E.2d 1383. To establish deficiency of his counsel's conduct, Mieher must show "counsel's specific acts or omissions which, viewed from the perspective of counsel at the time of the trial, fell below the standard of reasonable professional assistance." *United States v. Payne* (1984) 7th Cir., 741 F.2d 887, 891. To satisfy the second requirement, Mieher must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland, supra,* 466 U.S. at 694, 104 S.Ct. at 2068.

■ Mieher claims that Dr. Seybert and his recordkeeper would have testified that Dr. Seybert had prescribed Talwin for Mieher at the time of his arrest for possessing and intending to deal in this controlled substance. Although defense counsel failed to even interview these possible witnesses before deciding not to call them or to use their evidence, we are not led to the conclusion that this constitutes ineffective assistance of counsel. Counsel decided to defend by arguing that Mieher had no knowledge of the controlled substance which was in his girlfriend's possession. This defense is inconsistent with Dr. Seybert's having prescribed Talwin for Mieher. Thus, counsel's decision not to interview or call these witnesses was a matter of trial strategy and discretionary judgment. We will not speculate, with hindsight, about

what may have been the most advantageous strategy in a particular case. Isolated poor strategy, inexperience, or bad tactics do not necessarily establish ineffectiveness of counsel. *Rozika v. State* (1988) Ind., 520 N.E.2d 1267; *Slaton v. State* (1987) Ind., 510 N.E.2d 1343.

■ Next, Mieher argues that his trial counsel was ineffective for unsuccessfully challenging the admission of documentary support for his 1960 burglary conviction in Illinois, one of the predicate felonies for the habitual offender enhancement. The record reveals that defense counsel did competently object to this evidence at trial. Counsel's assistance is not ineffective merely because he failed to convince the court. Any error in the court's overruling this objection should have been raised upon direct appeal. To the extent that Mieher's argument may be construed as an attack upon appellate counsel's failure to assert the erroneous ruling as error, we reject it. Even if such appellate assertion were made it would be unsuccessful.

■ Mieher would have had his appellate counsel attack the validity of the Illinois conviction. To challenge the validity of a predicate felony conviction, the accused must set aside the predicate conviction in attack through appeal or post-conviction relief in the court of conviction unless the conviction is constitutionally invalid. *Mills v. State* (1987) Ind., 512 N.E.2d 846. A conviction is deemed to be constitutionally invalid when the records of the proceedings upon the prior conviction raise a presumption of constitutional infirmity and such infirmity undermines the integrity and reliability of the determination of guilt, or the admission of guilt where a guilty plea is entered. *Edwards v. State* (1985) Ind., 479 N.E.2d 541, *modified on other grounds* 518 N.E.2d 1137.

■ Mieher alleges that he was not represented by counsel nor did he intelligently and knowingly waive such representation at the time of the prior felony conviction. Therefore, he claims that he can attack the Illinois conviction in Indiana. However, the documentary support for the conviction, though arguably defective in other respects, dispels this argument. It states that Mieher was attended by an attorney. Because the conviction does not appear constitutionally infirm, Mieher fails to establish ineffective assistance upon this issue.

■ Finally, Mieher argues that he waived his right to a jury under the misconception that the state would thereupon decline to file an habitual offender allegation. Mieher does not clearly argue ineffective assistance of trial counsel for giving this advice. With regard to appellate counsel, Mieher states that the failure to preserve the issue of an improper waiver, which would invalidate the entire conviction, constitutes ineffective assistance. Mieher fails to establish ineffective assistance as to either counsel. At the hearing upon the petition for post-conviction relief, trial counsel denied that he ever advised or intimated to Mieher that the State would forego habitual enhancement in exchange for a jury waiver. It is not our province to weigh the credibility of the witnesses. *Tessely v. State* (1982) Ind., 432 N.E.2d 1374. Because it is disputed whether any erroneous advice was given, Mieher has failed to establish that trial counsel's performance fell below the standard of reasonable professional assistance and that but for appellate counsel's failure to preserve the issue, the result of the appeal would have been different.

The denial of post-conviction relief is affirmed.

SHIELDS, P.J., and NEAL, J., concur.