106 F.3d 403
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Larry THOMAS, Petitioner-Appellant,
v.
Daniel R. McBRIDE, Superintendent, Respondent-Appellee.
 No. 95-2311.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 9, 1997.*
Decided Jan. 9, 1997.
 
 Before POSNER, Chief Judge, and CUMMINGS and PELL, Circuit Judges.
 
 ORDER
 
 1
 A jury in the Superior Court of Lake County, Indiana convicted Larry Thomas of kidnaping and unlawful deviate sexual conduct. The court sentenced Thomas to two concurrent terms of thirty years' imprisonment. After exhausting his appeals and state post-conviction remedies, Thomas brought this petition in federal court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. According to Thomas, he was denied effective assistance of appellate counsel when his attorney failed to raise a claim of ineffective assistance of trial counsel, and his trial counsel was ineffective for failing to object to the admission of certain evidence and statements Thomas made to police. The district court denied Thomas's petition, and we affirm.
 
 Facts
 
 2
 Thomas's victim, P.E., testified at trial that Thomas approached her at gunpoint on December 8, 1983 as she was leaving a restaurant. Thomas forced his way into P.E.'s car, drove to an abandoned building, and forced her to perform oral sex on him. During the assault, P.E. managed to get hold of Thomas's gun. She fired several shots at him, and Thomas fled. P.E. then drove to a friend's house from which she called the police. After questioning her, the police took P.E. to a hospital. P.E. testified that she had never seen Thomas before the assault. After the assault, she identified Thomas from a photographic line-up and again identified him at trial as her assailant.
 
 
 3
 Michael Reese, formerly an officer in the Gary Police Department, testified that on December 8, 1983, he responded to a call at Thomas's house concerning a victim with gunshot wounds. When he arrived at there, he found Thomas being treated by paramedics for two gunshot wounds to the abdomen. Reese testified that Thomas told him that he (Thomas) had been shot by two unknown men driving a white car. Reese noticed Thomas's blue coat and hooded, red sweatshirt nearby and observed that both had bullet holes and gunpowder burns. Reese took the items as evidence as part of his investigation into Thomas's shooting. As Reese was driving back to the police station, he heard a broadcast on his police radio of the description of P.E.'s assailant. The description of the assailant's clothing matched the coat and sweatshirt he had obtained from Thomas, so Reese stopped by the hospital to which P.E. had been taken. P.E. identified the clothing as belonging to her assailant.
 
 
 4
 Thomas testified in his own defense. He claimed that he and P.E. had been acquaintances for several years, and that P.E. had offered him a ride on the night in question. They stopped along the way, and subsequently got into an argument over some money Thomas supposedly owed to P.E. Thomas claimed he got out of the car to walk home, leaving behind his gun which he had previously placed on the dashboard. When he realized he had left his gun behind, he turned around, at which point P.E. shot him. Thomas claimed he made his way home, and that his mother then called an ambulance. According to Thomas, Reese arrived before the paramedics and immediately accused Thomas of P.E.'s assault. Thomas claimed he made up the story about being shot by two men in a white car to "make [his mother] believe a woman [was] not even involved" in his shooting, and thereby spare her from shock.
 
 
 5
 The jury convicted Thomas, and the court sentenced him to two concurrent thirty-year terms of imprisonment. The Indiana Supreme Court affirmed Thomas's conviction on direct appeal, Thomas v. State, 509 N.E.2d 833 (Ind.1987), and the Indiana Court of Appeals affirmed the denial of his state petition for post-conviction relief (PCR). Thomas v. State, 640 N.E.2d 772 (Ind.Ct.App.1994). Thomas then brought this petition for habeas corpus relief.
 
 
 6
 Thomas claims that his trial attorney's failure to move for suppression of his coat and sweatshirt, as well as his statements to Reese, constituted ineffective assistance of counsel, as did his appellate attorney's failure to raise that issue on appeal. Thomas asserted at the hearing on his state petition for PCR that immediately upon entering his house, Reese handcuffed and arrested him, but failed to advise him of his rights as required by Miranda v. Arizona, 384 U.S. 436 (1966). Thus, Thomas claims, his statements to Reese properly should have been suppressed. Thomas similarly asserted that Reese searched his home without a warrant, and located Thomas's coat and sweatshirt in a back room. Accordingly, Thomas claims, those items should have been suppressed as the result of an illegal search in violation of the Fourth Amendment. The district court denied Thomas's petition, and this appeal followed.
 
 Analysis
 
 7
 To prevail on his claim of ineffective assistance of counsel (either trial or appellate), Thomas must show both that his attorney's representation fell below an objective level of reasonableness and that he suffered some prejudice as a result of his attorney's deficient representation. Strickland v. Washington, 466 U.S. 668, 688, 691 (1984); Swofford v. Detella, No. 95-2446, slip op. at 3 (7th Cir. Dec. 6, 1996). Because Thomas's ineffective assistance of appellate counsel claim depends upon his ineffective assistance of trial counsel claim, we need only consider the latter. Because Thomas cannot satisfy either element of the Strickland test, his claim fails.
 
 
 8
 First, Thomas's attorney was not objectively unreasonable for failing to raise either the Miranda claim or the Fourth Amendment claim because neither claim had any merit. Thomas--as well as his mother and sister--asserted for the first time at Thomas's hearing on his petition for PCR that Reese handcuffed and arrested Thomas. The state courts found this evidence not to be credible, a finding of fact which we must presume to be correct because Thomas has proffered no evidence to rebut it. 28 U.S.C. § 2254(e)(1); see also Lindh v. Murphy, 96 F.3d 856 (7th Cir.1996) (en banc), petition for cert. filed October 10, 1996. Because Thomas was not in custody or under arrest, Reese need not have issued Thomas his Miranda warnings. United States v. Yusuff, 96 F.3d 982, 987 (7th Cir.1996). Similarly, because Reese was not investigating Thomas as a suspect in P.E.'s assault, but rather, was in Thomas's house with his permission investigating Thomas's shooting, and took Thomas's coat and sweatshirt with his permission as part of that investigation, no Fourth Amendment violation occurred. Cf. United States v. Cotnam, 88 F.3d 487, 495 (7th Cir.1996), cert. denied, 117 S.Ct. 326 (1996). Thus, Thomas's trial counsel was not objectively unreasonable for failing to raise these objections.
 
 
 9
 Second, Thomas was not prejudiced by the admission of his sweatshirt and coat or by Reese's testimony as to Thomas's statements. At trial, Thomas disputed only the circumstances under which P.E. shot him; the coat and sweatshirt were irrelevant to this issue. Similarly, Reese's testimony as to what Thomas told him--that he had been shot by two unknown men in a white car--was wholly irrelevant to the outcome of the trial. Thomas himself testified at trial that P.E. shot him and that he made those statements to Reese only because he didn't want his mother to know a woman was involved in his shooting. With or without Reese's testimony, those statements would have been before the jury. Accordingly, the failure of Thomas's attorney to move for suppression did not prejudice Thomas, and thus, Thomas cannot satisfy the Strickland test for denial of effective assistance of counsel.
 
 
 10
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)